UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORA E. FULLER,

                Plaintiff,

-vs-                                        Case No.  8:06-cv-1879-T-24EAJ

SAFECO INSURANCE COMPANY OF
AMERICA,

                Defendant.
_____/

**O R D E R**

       This cause comes before the Court for consideration of Defendant's Notice of Removal (Doc. No. 1).  On or about August 11, 2006, Plaintiff filed suit against Defendant Safeco Insurance Company of America in state court, alleging breach of contract for Defendant's failure to pay benefits pursuant to a policy of homeowners insurance for damage to her home "including progressive physical damage to the walls and floors of the residence" (Doc. No. 2).  On October 12, 2006, Defendant filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441 (Doc. No. 1).  Defendant asserts that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.

       Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "[T]he removing party bears the burden of establishing jurisdiction."  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  The removing party must make "an affirmative showing . . . of all requisite factors of diversity

jurisdiction, including amounts in controversy, at the time removal is attempted." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

To establish the requisite amount in controversy, Defendant asserts that "pursuant to allegations in paragraph 3, 8, 10 and 13 of the Complaint . . . the amount in controversy exceeds the sum of $75,000.00" (Doc. No. 1). Defendant does not rely on any claim for insurance benefits, or any admission or interrogatory response by Plaintiff, to support this assertion. Rather, Defendant merely includes a copy of the homeowners policy declarations with its answer and affirmative defenses (Doc. No. 3, Exh. E). In her complaint, Plaintiff does not specify the amount of damages she is seeking, other than to state that the damages exceed $15,000.00. Defendant's vague assertion that "pursuant to allegations in paragraphs 3, 8, 10 and 13 of the Complaint" the amount in controversy exceeds $75,000 is insufficient to establish the jurisdictional requirement by a preponderance of the evidence. Tapscott, 77 F.3d at 1357. Therefore, because Defendant has not sustained its "burden of establishing jurisdiction," this case must be remanded to the state court where it was originally filed. Diaz, 85 F.3d at 1505.

Accordingly, because Defendant failed to establish this Court's jurisdiction in its Notice of Removal, it is **ORDERED AND ADJUDGED** that the Clerk is directed to remand this action

to state court and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of October, 2006.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge